UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STACEY L. WIGGINS,
    Petitioner,

v.                                                        Case No. 8:23-cv-1673-KKM-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Wiggins, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Upon consideration of the petition, (*id.*), and the limited response in which Respondent moves to dismiss the petition as time-barred, (Doc. 6), the petition is dismissed as time-barred.[1] Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

I.     BACKGROUND

A state court jury convicted Wiggins of robbery. (Doc. 6-2, Ex. 3.) The state trial court sentenced him to 15 years in prison. (Doc. 6-2, Ex. 4.) The state appellate court per curiam affirmed the conviction and sentence. (Doc. 6-2, Ex. 7.) The state appellate court

---

[1] Wiggins did not file a reply.

1

also per curiam affirmed the denial of Wiggins's motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 6-2, Exs. 13, 17, 20 & 25.)

## II.   THE PETITION'S UNTIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

The state appellate court affirmed Wiggins's conviction and sentence on February 6, 2019. (Doc. 6-2, Ex. 7.) Therefore, his judgment became final 90 days later, on May 7, 2019, upon expiration of the time to petition the Supreme Court of the United States for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Wiggins's AEDPA limitation period began running the next day, May 8, 2019. He therefore had until May 8, 2020, absent any tolling attributable to a properly filed collateral motion in state court, to file his § 2254 petition. *See Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1247 n.3 (11th Cir. 2017).

Wiggins did not file any tolling applications in state court before his AEDPA limitation period expired on May 8, 2020. His postconviction motion, filed on December 1, 2020, did not revive the AEDPA limitation period. (Doc. 6-1, Ex. 13); *see Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))).

Wiggins states that he filed a postconviction motion on September 20, 2019. (Doc. 1, p. 18.) But as Respondent notes, the state trial court docket does not show any postconviction motion filed prior to December 2020, and I take judicial notice of the lack of any motion filed in the state trial court before the that time. (Doc. 6-2, Ex. 1.); *see* Fed. R. Evid. 201. The postconviction motion is dated December 1, 2020, and contains a prison date stamp showing that it was provided to prison officials for mailing that same day. (Doc. 6-2, Ex. 13.) The state court record therefore does not support Wiggins's assertion that he filed a postconviction motion in September 2019.

Importantly, Wiggins's own representations to the state court support the conclusion that no such motion was filed in September 2019. When Wiggins filed his postconviction motion on December 1, 2020, he stated, under penalty of perjury, that "no

3

other motions, petitions, etc., have been filed or [are] pending at this time attacking the judgment and sentence in the above cited case number." (Doc. 6-2, Ex. 13, p. 4.)

Wiggins now alleges in a cursory manner that he filed a postconviction motion on September 20, 2019. He does not provide a copy of that motion, evidence that he filed any such motion on September 20, 2019, or otherwise point to where in the state court record proof of this allegation might be located. Of course, this new allegation contradicts his earlier sworn statement to the state court. And Wiggins did not reply to Respondent's argument that the state court record does not support his allegation.

Under these circumstances, and because the state court docket lists no postconviction motion prior to December 2020, the Court cannot conclude that a properly filed tolling application statutorily tolled the limitation period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (discussing statutory tolling under § 2244(d)(2) and stating that "[a]n application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. . . . And an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); *see also Hammond v. Warden*, No. 14-12858-C, 2015 WL 13928999, at *2 (11th Cir. Sep. 1, 2015) (denying a motion for a certificate of appealability and stating that when the petitioner failed to show, among other things, "record evidence that the [collateral] motions were filed" in time to toll the

4

limitation period and when the "state court records provided by the state do not indicate that he filed such motions" on the dates alleged, the petitioner's "conclusory, self-serving statement that he filed [collateral motions during the time alleged] is insufficient to show that the statute of limitations was statutorily tolled"); *Taylor v. Lester*, No. 3:13-cv-1275, 2014 WL 993325, at *2 (M.D. Tenn. Mar. 13, 2014) ("In this case, the petitioner claims he filed a state post-conviction petition. There is no record in the state court that any such petition was 'properly filed,' and the court, therefore, concludes that statutory tolling of the limitations period is not warranted."). Accordingly, Wiggins's federal habeas petition, filed on July 17, 2023, is untimely under § 2244(d)(1)(A).

If the Court liberally interprets Wiggins's petition to suggest that a postconviction motion mailed on September 20, 2019, must have been lost in the mail or by the state court, a claim for equitable tolling might be available. *See Castillo v. Dixon*, No. 20-60797-CIV, 2022 WL 2651623, at *6 (S.D. Fla. Jul. 8, 2022) ("[L]ost mail may, in extraordinary circumstances, trigger equitable tolling.").

A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In the light of Wiggins's acknowledgment in his December 1, 2020 postconviction motion that he had

5

not previously filed a motion attacking his judgment and the absence of evidence that he did file an earlier motion, there is no showing of an extraordinary circumstance for purposes of equitable tolling. In addition, it does not appear that Wiggins pursued his rights diligently. According to Wiggins, his first postconviction motion was pending as of September 20, 2019. But the state court docket shows that he took no further action in his case until December 1, 2020. *See Taylor*, 2014 WL 993325 at *4 (finding that the petitioner failed to use due diligence in preserving his rights, and stating that petitioner "does not indicate, even approximately . . . what efforts he took—if any—to inquire about the status of his post-conviction petition" that he claimed to have filed "or to compel a ruling on it"); *Castillo*, 2022 WL 2651623, at *6 (rejecting an equitable tolling claim when a petitioner alleged his notice of appeal was lost in the mail in part because the petitioner waited several months to inquire into the status of his appeal). Equitable tolling does not apply to Wiggins's petition.

Separately, the Court notes that on April 22, 2019, the state trial court entered an order directing the Clerk to prepare an amended sentencing order in response to a letter from the Florida Department of Corrections asking whether the trial court intended to impose a 15-year mandatory term for a firearm included on the sentencing order. (Doc. 6-2, Ex. 10.) The trial court determined that the inclusion of the mandatory term in the sentencing order was a scrivener's error and directed the Clerk to "prepare an amended

sentencing order deleting the designation of the sentence as a minimum mandatory sentence pursuant to section 775.087(2), Fla. Stat." (*Id.*)

The Clerk entered an amended sentencing order in accord with the trial court's directive on April 30, 2019. (Doc. 6-2, Ex. 11.) The amended order did not result in a new judgment that would have restarted the AEDPA limitation period because it only corrected a ministerial error. In determining whether a new judgment has been entered, "[t]he relevant question is not the magnitude of the change, but the issuance of a new judgment *authorizing* the prisoner's confinement." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326-27 (11th Cir. 2017) (emphasis in original). In *Patterson*, no new judgment was entered when the state trial court "did not vacate Patterson's sentence and replace it with a new one", did not "direct the Department of Corrections to hold Patterson or perform any affirmative act", and did not "issue a new judgment authorizing Patterson's confinement." *Id.* at 1324-27. Similarly, as the state trial court's order did not authorize Wiggins's confinement or vacate his sentence and issue a new sentence, it did not result in a new judgment.

And even if the April 30, 2019 amended order did result in a new judgment, Wiggins's § 2254 petition would still be untimely. Because Wiggins did not appeal, a new judgment would have become final 30 days later, on May 30, 2019. *See Mondeja v. State*, 241 So.3d 907, 908 (Fla. 2d DCA 2018) ("Where a defendant does not file a direct appeal,

7

the judgment and sentence become final thirty days after rendition."). Wiggins did not file any tolling applications before a new limitation period would have expired one year later on May 30, 2020. Therefore, any new judgment resulting from the amended sentencing order would not impact the timeliness of Wiggins's § 2254 petition.

Wiggins does not assert that he is entitled to equitable tolling for any reason other than the implied basis of lost mail. Nor does he contend that the Court can review his untimely petition because new evidence shows his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). Wiggins's petition is dismissed as time-barred.

## III. CERTIFICATE OF APPEALABILITY

Wiggins is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Wiggins must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Wiggins cannot satisfy the second prong of the *Slack* test. As Wiggins is not entitled to a COA, he is not entitled to appeal in forma pauperis.

Therefore, the Court **ORDERS** that Respondent's motion to dismiss Wiggins's petition as untimely, (Doc. 6), is **GRANTED**. Wiggins's Petition for Writ of Habeas

Corpus, (Doc. 1), is **DISMISSED as time-barred**. The **CLERK** is directed to enter judgment against Wiggins and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on October 25, 2023.

Kathryn Kimball Mizelle
United States District Judge